Farmers' Mutual Fire Insurance Company of Mississippi
*v.* William Q. Cole, Insurance Commissioner.

[43 South., 949.]

1. Insurance. *Fire insurance. Corporations. Right to do business in state. Statutory provisions. Code* 1906, *ch.* 24. *Code* 1906, § 2564.

   A mutual fire insurance company, having no capital stock, incorporated under ch. 24, Code 1906, and empowered to insure the property of its members only, cannot compel the issuance to it of a certificate of authority to carry on the insurance business generally, under Code 1906, § 2564, providing for the grant of such a certificate to qualified companies desiring to do a general insurance business in the state.

2. Same. *Statutory right.*

   The statutory right to transact business as an insurance company is the right to do a general business and not the restricted right of a mutual insurance company to insure its own members.

From the circuit court of, first district, Hinds county.

Hon. Robert L. Bullard, Judge.

The insurance company, appellant, was plaintiff in the court below; Cole, the appellee, was defendant there. From a judgment sustaining defendant's demurrer to plaintiff's petition and dismissing the suit plaintiff appealed to the supreme court.

The Farmers' Mutual Fire Insurance Company sued for a mandamus against Cole, insurance commissioner. The appellant company, chartered under ch. 24, Code 1896, made application to the insurance commissioner for a certificate of authority under Code 1906, § 2564, of approval under sec. 2580, and for a privilege license under sec. 2629. The insurance commissioner declined to issue any of the documents, and the insurance company sued.

*Henry, Barbour & Henry,* for appellant.

The history of insurance legislation in Mississippi, as applicable to this case, since and including the Code of 1892, as to mutual companies is brief, as follows: ..There is no provision whatever under the Code of 1892 either in the chapter on "Insurance" or in the chapter on "Corporations" for the organization of mutual companies, nor for their admission to do business in the state of Mississippi. Under the Code of 1892, § 2332, no insurance company incorporated in any other state can transact business in this state, unless it possesses at least $150,000 of actual capital.

By ch. 73, p. 90, acts of the Mississippi legislature of 1898, provision was made for the organization under the general law on corporations, of mutual insurance associations for the purpose of insuring the property of their own members only.

Section 98, ch. 59, acts of the Mississippi legislature, 1902, attempted to repeal all laws relative to domestic fire insurance companies, which is probably nugatory under sec. 61 of the constitution of Mississippi, which provides that "no law shall be amended or revived by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length," but this is immaterial to the discussion now before the court. The purpose of the legislature, by ch. 59, acts of 1902, was undoubtedly to repeal all laws with reference to the formation of domestic mutual fire insurance companies.

But the Code of 1906, by § 897, specifically authorizes the organization of mutual fire insurance companies, and sec. 2578 says the like, thus showing a change of legislative mind after the act of 1902. Further, § 2606 of the Code of 1906 admits mutual foreign companies to do business in the state, as did also sec. 44 (see paragraph, p. 80) of the acts of 1902, a great departure from the Code of 1892.

Section 2559, Code of 1906, gives to the commissioner of insurance the power of inspection and supervision over all insurance companies.

Section 2564 authorizes the insurance commissioner to grant a certificate of authority to any insurance company to do business, he to be satisfied by examination that it is qualified under the laws of the state to transact business, and as to financial ability and condition.

Section 2571 of the Code of 1906 says: "The general provisions of law relative to the powers, duties and liabilities of corporations shall apply to all incorporated domestic insurance companies, etc."

Section 2572 provides that domestic insurance companies incorporated by special acts, whose charters are subject to limitation of time, shall, after such limitation expires, continue to be bodies corporate, subject to all general laws applicable to such companies.

Section 2629 directs the insurance commissioner to collect and pay into the state treasury the sum of $200 for each fire insurance company.

Section 2652 denies access to the courts to any fire insurance company that has not been authorized by the commissioner to transact such insurance business.

It will be noticed that the petition of mandamus states that the commissioner of insurance refused to comply with the requests set forth in said petition on the ground that mutual fire insurance companies are not authorized to do business in Mississippi. This effectually meets the grounds of the demurrer as to the acts being within the discretion of the commissioner, and that therefore he is not subject to mandamus. But even if this were not set forth in the petition the honorable commissioner could not avail of the plea that it is discretionary with him—a judicial discretion, if you please, to admit or not to admit a domestic insurance company to do business in Mississippi. When any domestic insurance company organizes under the laws of the state of Mississippi, and complies fully with those laws, and knocks at the door of the insurance commissioner for admission, and demonstrates its compliance with the

law, he has no discretion in the premises.  He must bid them enter.  Otherwise he is superior to the laws of the state; superior to the law which created him.

The appellant was organized under the laws of Mississippi as hereinbefore set out, and the law observed in every particular, and the commissioner advised thereof, as the petition sets forth, and all this admitted by the demurrer to be true, yet it is said the commissioner has discretion that mandamus cannot interfere with or override—that the law is powerless against his judgment; that though the law is that mutual companies may be organized to insure the property of its members only, the insurance commissioner may say they cannot do business.  It is no answer that he has nothing to do with mutual companies; that they are independent of him.  He certainly has inspection and supervision over them under § 2559, Code 1906, and § 2652, Code 1906, denies access to the courts to any insurance company not authorized by the insurance commissioner to transact insurance business, which risk appellant does not care to assume, nor does it wish to subject its agents to the penalties of § 2658, Code 1906.

The circuit court should have ordered the writ of mandamus commanding the commissioner of insurance to issue the appellant a certificate authorizing it to do business in accordance with the powers conferred by its charter.

*R. V. Fletcher,* attorney-general, for appellee.

This litigation is an effort on the part of this association to secure an authoritative ruling as to the status and attitude of mutual fire insurance companies organized not under the insurance chapter, but under the general chapter on corporations. So far as the insurance chapter is concerned, in secs. 2576 *et seq.,* there is a fully developed and elaborate scheme by which domestic insurance companies may be organized.  This plan, however, is entirely separate and distinct from companies organized under the chapter on corporations.  The only insur-

ance companies which may be organized under the insurance chapter, other than fraternal orders doing a life insurance business, are companies organized on the stock plan. It is distinctly stated in the first paragraph of sec. 2576 that insurance companies may be formed as provided in sec. 2578 on the stock plan to insure against loss by fire, etc. Nowhere in the chapter is there any provision for the organization of mutual fire insurance companies. Indeed, no mutual fire insurance company, even though a foreign corporation, may be admitted to do business in this state; and foreign mutual life insurance companies may be admitted into the state only when they furnish satisfactory proof to the insurance commissioner that its net cash assets are equal to the capital required of like companies on the stock plan. Section 2606, par. 2.

It would therefore seem to be clear that the legislature intended to bar from the state entirely all fire insurance associations except those organized on the stock plan. It is exceedingly difficult to reconcile this view with the statement found in sec. 897, and yet no provision is made in the insurance chapter for the regulation, licensing, or control of any mutual fire insurance company. But, however this may be, it is difficult to see how the court can grant the relief prayed for in the petition. If it was the intention of the legislature to exempt fire insurance companies from the supervisory power of the insurance commissioner, then such commissioner would have nothing to do with granting any certificate of authority or passing upon the organization of the company, and would be limited entirely to the collection of the privilege tax. If, on the other hand, such companies are subject to the control and jurisdiction of the insurance department still this suit cannot be maintained. It would seem that this court is committed to the doctrine that all insurance corporations, associations, partnerships, or individuals, are subject to the jurisdiction of the department. *Fikes* v. *State*, 87 Miss., 251.

We come now to the three things which petitioner asks the

court to compel the insurance commissioner to do: In the first place, the court is asked to compel the commissioner to issue certificate of authority, under sec. 2564. There are two answers to this prayer of the petition: In the first place, the certificate of authority mentioned in sec. 2564 means the same thing as a privilege license. It is but a certificate attached to the privilege license, stating that the company is authorized to do business in the state. If it can be shown that the company is not subject to the privilege license, or is not entitled to a privilege license, then such certificate of authority cannot issue independent of the privilege license. It must be remembered that no agent of this company has applied to this insurance commissioner for a license, and, therefore sec. 2609 is not involved. The learned counsel for appellant, in his argument in the court below, admitted that this section referred to certificate of authority had no application to domestic insurance companies, but was limited in its application to foreign insurance companies.

But, if mistaken in this, it is in the next place contended that such certificate of authority may be withheld by the insurance commission in the exercise of his discretion, and that his discretion in the matter cannot be controlled by mandamus. It is a familiar learning of the profession that whenever the determination of a question is committed to an officer, he may be compelled by mandamus to act, perhaps, but such action cannot be controlled by the courts. In the instant case the petition itself shows that the commissioner has acted by refusing to issue the authority. High's Extraordinary Legal Remedies (2d ed.), sec. 24; *Insurance Co. v. Wilder,* 40 Kan., 561.

Argued orally by *R. V. Fletcher,* for appellee.

MAYES, J., delivered the opinion of the court.

This corporation, as the charter shows, is a mutual fire insurance company, without capital stock, incorporated under ch.

24 of the Code of 1906, and empowered by its charter to insure the property of its members only. It cannot be contended that the Farmers' Mutual Fire Insurance Company was organized and chartered under any of the provisions of ch. 69 of the Code of 1906, which deals with the subject of insurance. Section 897, ch. 24, of the Code of 1906, provides that "corporations for every lawful purpose and of every kind, except for the construction and operation of a railroad other than street railroads, and the carrying on of an insurance business, may be created under the provisions of this chapter: provided, that the exception as to insurance companies shall not apply to mutual insurance associations organized for the purpose of insuring the property of its members only; and such associations may be incorporated under the provisions of this chapter." This section shows two things: First, that no insurance association, other than mutual insurance associations organized for the purpose of insuring the property of its members only, can be created under this chapter; and, second, that mutual insurance associations, organized for the purpose of insuring the property of its members only, must be incorporated under the provisions of this chapter. Section 2559 of the Code of 1906, in the chapter on "Insurance," expressly names all concerns subject to the department, and they are "all indemnity or guarantee companies, all companies, corporations, partnerships, associations, individual and fraternal orders, whether domestic or foreign, transacting or to be admitted to transact, the business of insurance in this state, are insurance companies within the meaning of this chapter, and shall be subject to the inspection and supervision of the commissioner." By § 2582 of the Code of 1906 it is provided that corporations created for the purpose of transacting fire insurance shall have a capital stock of not less than $50,000. This company cannot be licensed to do business in this state, as provided for other insurance companies in the chapter on "Insurance," because, first, it is not a kind of insurance company authorized to be created by the

chapter on "Insurance"; second, it has no authority to transact business within this state, save with its own membership; third, it does not belong to that class of insurance companies subject to the department of insurance, as outlined in § 2559 of the Code of 1906; fourth, it has no capital stock, and cannot be authorized to transact the business of insurance in this state, unless it has a capital stock of not less than $50,000. It may insure its own members, but it does not get this power under the general insurance laws of the state, but by virtue of § 897 of the Code of 1906, under the chapter on "Corporations." Section 2564 of the Code of 1906 provides that "before granting a certificate of authority to any insurance company the commissioner shall be satisfied by examination that it is qualified under the laws of the state to transact business therein, and as to its financial ability and condition."

Clearly this record shows that this company is not qualified to transact business in the state, within the meaning of this statute, when the only right that is given it under the law is to deal with its own membership. It is not organized under the chapter on "Insurance." It has no capital stock. It is not subject to the department, and possesses none of the essentials required by the statute as a condition precedent to its right to transact the business of insurance in the state. When the statute speaks of the right to transact the business of insurance in this state, it means the right to do a general business, and has no reference to the restricted right that a mutual insurance company has to insure the property of its own membership. We decide no other question in the case.

*Affirmed.*